## Ogilvie et al. v. Bryant et al.

(Decided October 29, 1929.)

M. E. GILBERT for appellants.

EATON & BOYD for appellees.

Opinion of the Court by Judge Clay—Reversing.

John Bryant died testate in the year 1928, survived by his widow, Mrs. Alta Bryant, three children, Mrs. Clara Neuner, Nell Bryant, and Charlie Bryant, and one grandchild, Cora Elizabeth Smith, an infant 9 years of age. Omitting the usual prefatory words, the provision for the payment of the testator's debts, and the clause appointing James M. Lang as executor, the will reads as follows:

"Second, I hereby will that the twenty-two acres of land that I now own be equally divided between my son and two daughters, Charlie, Clara and Nell.

"Third. I will and bequeath unto my beloved wife, Alta R. Bryant, all the remainder of my estate both real and personal, including all my insurance and same to be hers as long as she lives to be used for her own comfort and in rearing and educating my granddaughter, Cora Elizabeth Smith.

"Fourth. I will that at my wife's death that my property devised to her, my wife, in paragraph 3 hereof be fully divided between my daughter, Clara Smith, and granddaughter, Cora Elizabeth Smith.

"Fifth. On August 14, 1922, I deeded my wife property at Seventh and Husbands street in the city of Paducah, Kentucky, which deed is recorded in Deed Book 130, page 628, and made an agreement that the property that they deeded to her should be her sole interest in my estate at any time, but I have changed my mind and want her to have the additional property above willed to her after due consideration and make the above request to her as recited in paragraph 3 hereof."

Claiming that his ward, Cora Elizabeth Smith, was entitled to her maintenance and education out of the property devised to the testator's widow in clause 3 of the will, her guardian brought this suit against Mrs. Bryant and the executor to recover $40 a month which he alleged was a reasonable allowance for that purpose. The demurrer was sustained to the petition, and the petition was dismissed. The guardian appeals on behalf of his ward.

In support of the ruling of the circuit court it is argued that the provision made for appellant's granddaughter in clause 3 was a mere request, and not impera-

tive upon testator's widow, and that the subject-matter of the request was not certain. The only basis for this contention is the employment of the word "request" at the close of clause 5 of the will. A careful analysis thereof shows that the testator never devised or attempted to devise anything by clause 5. All that he did was to explain why, notwithstanding a prior agreement, he concluded to make further provision for his wife. In doing this he concluded with the words, "and make the above request to her as recited in paragraph 3 hereof." One does not make a request to another, but of another, and as a matter of fact paragraph 3 contains no request. Looking at the paragraph as a whole, we are inclined to the view that, if the testator actually wrote or had written the word "request," as to which there is some doubt from the record, he inadvertently used the word "request," instead of "bequest."

But if we go further, and assume that the word "request" was actually used by the testator, we do not regard its use as a mere wish that Mrs. Bryant may disregard at her option. The testator was making provision for his wife, children, and grandchild. He gave the 22-acre farm to his son and two daughters. He devised and bequeathed to his wife all the remainder of his estate, to be hers as long as she lived, to be used for her own comfort and in rearing and educating his granddaughter, Cora Elizabeth Smith. At his wife's death he directed that the property devised to her be divided between his daughter, Clara Smith, and his granddaughter, Cora Elizabeth Smith. When the will is thus considered, in the light of the surrounding circumstances and the relationship of the parties, it evinces a clear purpose on the part of the testator to make provision for his granddaughter, not only during the life of his widow but after her death. In willing and bequeathing all the remainder of his estate to his wife in clause 3, he used the following language: "Same to be hers as long as she lives to be used for her own comfort, and in rearing and educating my granddaughter, Cora Elizabeth Smith." This language goes far beyond a mere wish or request. The provision for the granddaughter is just as strong as that made for the wife. It is so imperative in character as to make the wife a trustee for the granddaughter, and to impose on her the duty to use a reasonable portion of the income from the property devised, considering its character and extent, for the rearing and education of the granddaughter.

363

There is no merit in the contention that the subject-matter of the devise or bequest is uncertain. The total amount of the property, as well as the income therefrom, is a matter that may be easily ascertained, and it will not be difficult for the chancellor to decide what is a fair division of the income between the widow and granddaughter. Being of the opinion that the granddaughter is the beneficiary of a trust created by clause 3 of the will, and that her interest is such as a court of chancery will protect and enforce, it follows that the demurrer to the petition was improperly sustained.

Judgment reversed, and cause remanded, with directions to enter judgment in conformity with this opinion.